NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ROSALYN C. WILLIAMS,**
*Petitioner,*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent.*

---

2013-3110

---

Petition for review of the Merit Systems Protection Board in No. NY844E130101-I-1.

---

Decided: November 12, 2013

---

ROSALYN C. WILLIAMS, of Brooklyn, New York, pro se.

KATHERINE M. SMITH, Attorney, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC, for respondent. With her on the brief was BRYAN G. POLISUK, General Counsel.

---

Before RADER, *Chief Judge,* LINN, and WALLACH, *Circuit Judges.*

PER CURIAM.

Rosalyn C. Williams petitions for review of the decision of the Merit Systems Protection Board ("Board") dismissing her appeal as untimely filed. *Williams v. Office of Pers. Mgmt.*, MSPB Docket No. NY-844E-13-0101-I-1 (Initial Decision, April 9, 2013). This court affirms.

BACKGROUND

Ms. Williams formerly worked as a Medical Technician with the Department of Veterans Affairs ("the agency"). She was separated from the agency on August 9, 2007. Over three and a half years later, on May 13, 2011, Ms. Williams submitted an application for disability retirement benefits with the Office of Personnel Management ("OPM").[1] Ms. Williams's disability claim was based on an August 2003 car accident that Ms. Williams alleged caused her severe and permanent disabilities. OPM denied Ms. William's application on the ground that it was not filed within one year of her separation from the agency, as required by 5 U.S.C. § 8453 (2006) (providing a disability claim may be allowed "only if [the] application is filed with [OPM] before the employee or Member is separated from the service or within 1 year thereafter," unless the applicant was mentally incompetent during the filing period). OPM denied Ms. Williams's request for reconsideration, finding she was not mentally incompetent at the time of her separation, and did not become mentally incompetent during the one-year filing period. OPM issued a final reconsideration decision denying Ms. Williams's application for disability benefits, which Ms. Williams received on December 14, 2012.

---

[1]    Ms. Williams signed the application on September 3, 2010, and claims that she sent the application to OPM on September 18, 2010.

Ms. Williams appealed OPM's denial to the Board on January 31, 2013, forty-seven days after she received OPM's decision. On February 12, 2013, the Administrative Judge ("AJ") issued an order informing Ms. Williams that her appeal was filed after the thirty-day filing deadline. It explained that Ms. Williams bore the burden to prove her Board appeal had been timely filed or that she had good cause for the delay. In response, Ms. Williams acknowledged that her petition was untimely, but argued that OPM's adverse decision caused her to become "distraught and dangerously depressed." Resp't's App. 37. She stated she was "overwhelmed in the effort of obtaining [her] retirement," and that OPM's denial resulted in a "mental shut-down." *Id.* Ms. Williams provided medical documentation relating to her disabilities resulting from the 2003 car accident.

OPM moved to dismiss Ms. Williams appeal as untimely filed. On April 9, 2013, the AJ issued an Initial Decision dismissing Ms. Williams's appeal for untimeliness. The AJ found Ms. Williams failed to show good cause, because she did not show that her 2003 car accident or any other medical condition prevented her from filing a timely appeal during the thirty days after receiving OPM's final decision. Neither party petitioned for review, and the AJ's Initial Decision became the Board's final decision on May 14, 2013. Ms. Williams filed this timely appeal. This court has jurisdiction pursuant to 28 U.S.C. § 1295(a)(9) and 5 U.S.C. §§ 7703(a)(1) and (b)(1).

## DISCUSSION

This court must affirm the Board unless its decision is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c); *Gibson v. Dep't of Veterans Affairs*, 160 F.3d 722, 725 (Fed. Cir. 1998).

The Board's dismissal for untimely filing is supported by substantial evidence and in accordance with law. An appeal must be filed with the Board within thirty days of the action being appealed, or within thirty days of receipt of the agency's decision, whichever is later. 5 C.F.R. § 1201.22(b)(2013). OPM issued its final decision on December 6, 2012, and Ms. Williams received it on December 14, 2012. Counting thirty days from December 14 falls on Sunday, January 13th, making the filing deadline the following Monday, January 14, 2013. Ms. Williams filed her appeal on January 31, 2013, seventeen days after the deadline.

The filing deadline can be waived if an appellant shows a good reason for the delay. 5 C.F.R. § 1201.22(c); *Shiflett v. U.S. Postal Serv.*, 839 F.2d 669, 672–73 (Fed. Cir. 1986). Board regulations require that petitioners seeking to excuse a late filing must submit an affidavit or sworn statement including: "The reasons for failing to request an extension before the deadline for the submission, and a specific and detailed description of the circumstances causing the late filing, accompanied by supporting documentation or other evidence." 5 C.F.R. § 1201.114(g).

"[W]hether the regulatory time limit for an appeal [of an agency action] should be waived based upon a showing of good cause is a matter committed to the Board's discretion and this court will not substitute its own judgment for that of the Board." *Walls v. Merit Sys. Protection Bd.*, 29 F.3d 1578, 1582 (Fed. Cir. 1994) (internal quotation marks and citation omitted) (modification in original). The Board did not abuse its discretion in holding Ms. Williams failed to show good cause for her late filing. On appeal, Ms. Williams contends the Board failed to consider her medical records, mailed receipts, and letters. Pet'r's Br. 1. The Board did consider this documentation to the extent relevant, however, but found it did not show that Ms. Williams was unable to file a timely petition for review. To the extent Ms. Williams argued that she was

"dangerously depressed" and "overwhelmed" during the filing period, the Board did not abuse its discretion in finding that was not good cause to waive the filing deadline. We have considered Ms. Williams's remaining arguments and find them unpersuasive. Accordingly, the Board's decision dismissing Ms. Williams's untimely appeal is affirmed.

## AFFIRMED

No Costs.